OPINION OF THE COURT
Smith, J.
Plaintiff is a resident of New York and defendant is a corporation incorporated under the laws of New York. Defen *521 dont owns property in Massachusetts, at which plaintiff was working, under a subcontracting agreement. Plaintiff sustained injuries when he fell from a scaffold while performing work on a construction project in Massachusetts. Plaintiff brought this action for damages, alleging violations of sections 200, 240 (1) and 241 (6) of the New York Labor Law and the rules and regulations thereunder. The issue here is the applicability of these sections of the Labor Law to this accident.
Defendant’s motion for partial summary judgment dismissing plaintiff’s causes of action alleging violations of the New York State Labor Law and various rules and regulations thereunder was granted by Supreme Court and affirmed by the Appellate Division. Supreme Court thereafter granted defendant’s motion for summary judgment dismissing the remainder of plaintiff’s complaint. This Court granted leave from the Supreme Court judgment to bring up for review the prior nonfinal Appellate Division order (CPLR 5602 [a] [1] [ii]).
We reject plaintiff’s contention that New York law should apply here. New York’s choice-of-law principles govern the outcome of this matter. In the context of tort law, New York utilizes interest analysis to determine which of two competing jurisdictions has the greater interest in having its law applied in the litigation. The greater interest is determined by an evaluation of the " 'facts or contacts which * * * relate to the purpose of the particular law in conflict’ ” (Schultz v Boy Scouts, 65 NY2d 189, 197). Two separate inquiries are thereby required to determine the greater interest: (1) what are the significant contacts and in which jurisdiction are they located; and, (2) whether the purpose of the law is to regulate conduct or allocate loss (id., at 198).
As to the first inquiry concerning the significant contacts and the jurisdiction in which they are located, both the plaintiff employee and the defendant owner of the Massachusetts property are domiciliaries of New York State. The other relevant actors are not parties to this lawsuit. They include the plaintiff’s employer (a subcontractor which is a New York domiciliary), the tenant of the property (a Massachusetts domiciliary who contracted with the general contractor), and the general contractor (a domiciliary of Vermont). The tort occurred in Massachusetts.
As to the second inquiry, a distinction must be made between a choice-of-law analysis involving standards of conduct and one involving the allocation of losses (Schultz v Boy *522 Scouts, 65 NY2d 189, 198, supra). In the former case the law of the place of the tort governs. As we stated in Schultz:
"Thus, when the conflicting rules involve the appropriate standards of conduct, rules of the road, for example, the law of the place of the tort 'will usually have a predominant, if not exclusive, concern’ * * * because the locus jurisdiction’s interests in protecting the reasonable expectations of the parties who relied on it to govern their primary conduct and in the admonitory effect that applying its law will have on similar conduct in the future assume critical importance and outweigh any interests of the common-domicile jurisdiction.” (Schultz, 65 NY2d, at 198; see also, Cooney v Osgood Mach., 81 NY2d 66, 72.)
Conduct-regulating rules have the prophylactic effect of governing conduct to prevent injuries from occurring. "If conflicting conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders” (Cooney v Osgood Mach., 81 NY2d 66, 72, supra).
Loss allocating rules, on the other hand, are those which prohibit, assign, or limit liability after the tort occurs, such as charitable immunity statutes (e.g., Schultz v Boy Scouts, supra), guest statutes (e.g., Dym v Gordon, 16 NY2d 120), wrongful death statutes (e.g., Miller v Miller, 22 NY2d 12), vicarious liability statutes (e.g., Farber v Smolack, 20 NY2d 198), and contribution rules (e.g., Cooney v Osgood Mach., supra). Where the conflicting rules at issue are loss allocating and the parties to the lawsuit share a common domicile, the loss allocation rule of the common domicile will apply (see, Cooney v Osgood Mach., supra, at 73 [setting forth the three Neumeier rules (Neumeier v Kuehner, 31 NY2d 121) which address the "common domicile” situation in rule No. 1]).
Thus, the fundamental question in this case, where the parties share a common domicile, is whether Labor Law §§240 and 241 are primarily conduct-regulating or loss-allacating. The relevant Labor Law provisions, sections 240 and 241, embody both conduct-regulating and loss-allocating functions requiring worksites be made safe (conduct-regulating) and failure to do so results in strict and vicarious liability of the owner of the property or the general contractor. We hold *523 however, that sections 240 and 241 of the Labor Law are primarily conduct-regulating rules, requiring that adequate safety measures be instituted at the worksite and should not be applied to the resolution of this tort dispute arising in Massachusetts. Thus, Massachusetts law was properly applied.
Accordingly, the judgment of Supreme Court appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.