■ RAYMOND W. HILL et al., Appellants, v CITICORP et al., Respondents. [626 NYS2d 102] —Appeals from orders, Supreme Court, New York County (Herman Cahn, J.) entered on or about April 20, 1994 and June 20, 1994, which, granted defendants' motion to dismiss the complaint for failure to state a cause of action under English law, are deemed an appeal from the judgment, of the same court and Justice, entered July 11, 1994, dismissing the complaint, and, so considered, the judgment is unanimously affirmed, with costs.

Assuming in plaintiffs' favor that they have pleaded causes of action in tort apart from any claimed breach of the so-called Facility Letter, which is expressly governed by English law, such tort causes of action involve rules of conduct regulation, not loss allocation *(see, Padula v Lilarn Props. Corp.,* 84 NY2d 519, 522), such that the choice of law should turn on which jurisdiction has the greatest interest in the dispute *(see, Matter of Travelers Indem. Co. [Levy],* 195 AD2d 35, 38-39). Clearly that jurisdiction is England, which has an interest in protecting subjects, such as the individual plaintiff, from foreign businesses that commit tortious acts while seeking customers there *(see, Bewers v American Home Prods. Corp.,* 99 AD2d 949, 950, *affd* 64 NY2d 630). The subject banking service was specifically designed to target wealthy individuals

in England; the real estate development that was the object of the loan transaction was to be constructed in England; and any English subject, doing business in England with the help of a service designed solely for English residents, was the target of defendants' alleged tortious conduct. The concession by plaintiffs that no cause of action arising from defendants' conduct throughout the course of the loan transaction would be viable under British law is fatal to the maintenance of this action here. We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman, Nardelli and Williams, JJ.