■ MARY L. SADKIN, Respondent-Appellant, v AVIS RENT A CAR SYSTEM, INC., Appellant-Respondent, and AMERICAN SUZUKI MOTOR CORP., Respondent. [638 NYS2d 435] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about April 25, 1994, which, *inter alia*, denied defendant Avis's motion to dismiss the complaint on the ground of forum non conveniens, denied that part of plaintiff's motion to amend the complaint seeking to add Suzuki Motor Corp. ("Suzuki") as a party defendant and granted the cross motion of defendant American Suzuki Motor Corp. ("American") for summary judgment dismissal, and an order of the same court and Justice, entered on or about June 9, 1995, which denied Avis's motion to dismiss the amended complaint for failure to state a cause of action and which, upon a grant of renewal of the prior motion, adhered to the prior denial of the request for dismissal on the grounds of forum non conveniens, unanimously modified, on the law, to the extent of dismissing the causes of action for breach of warranty and strict products liability, and otherwise affirmed, without costs.

We agree with Avis that the causes of action for strict products liability and breach of warranty should be dismissed

because Avis established that those claims are not recognized under Bahamian law, which applies here. Where conflicting conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greater interest in regulating behavior within its borders (*Padula v Lilarn Props. Corp.*, 84 NY2d 519, 522). Since the motor vehicle accident occurred in the Bahamas, the conduct-regulating laws of that jurisdiction apply. As Avis submitted an uncontroverted notarized legal opinion from a Bahamian attorney who concluded that no causes of action for breach of warranty and strict products liability exist under Bahamian law in these circumstances, those claims should be dismissed (*see, Hill v Citicorp*, 215 AD2d 117). We note that plaintiff's wrongful death cause of action against Avis survives. Avis's contention that the IAS Court abused its discretion in denying Avis's belated motion to dismiss the complaint on the grounds of forum non conveniens is without merit, particularly given the connections of decedent and Avis to New York.

We reject plaintiff's claim on cross appeal that she should be provided with more time to conduct discovery to determine whether service on American, which has been dismissed as a defendant in this action, constituted service on American's parent corporation, Suzuki. American made it clear from early on in this case that it had not made or distributed the vehicle involved in the fatal crash. Plaintiff offers no excuse as to why the parent corporation was never notified that it was the intended defendant. The IAS Court properly denied plaintiff's motion to amend the complaint to the extent that it sought to add the parent corporation as a party, since, as to Suzuki, the Statute of Limitations has run on all proposed causes of action (*see, Christiansen v City of New York*, 144 AD2d 328, 328-329, *lv denied* 73 NY2d 710). Concur—Rosenberger, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.