[681 NYS2d 664] ·

Timothy Gleason et al., Plaintiffs, v Holman Contract Warehouse, Inc., Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. Transport Associates, Inc., Third-Party Defendant-Respondent.

Third Department, December 17, 1998

## APPEARANCES OF COUNSEL

*Thuillez, Ford, Gold & Johnson,* Albany (*Donald P. Ford, Jr.,* of counsel), for defendant and third-party plaintiff-appellant.

*F. Douglas Novotny,* Albany (*Andrew Zajac* of *Fiedelman & McGraw,* Jericho, of counsel), for third-party defendant-respondent.

## OPINION OF THE COURT

GRAFFEO, J.

This action was commenced seeking recovery for personal injuries sustained by plaintiff Timothy Gleason (hereinafter plaintiff) on September 22, 1992 while unloading cargo from a truck in Kingston, New Hampshire. At the time of the incident, plaintiff was a truck driver employed by third-party defendant, Transport Associates, Inc. (hereinafter Transport), a Kentucky corporation. Plaintiff, a New York resident, had obtained the cargo from a warehouse located in Albany County and owned by defendant Holman Contract Warehouse, Inc., a foreign corporation. After the cargo was loaded into a tractor-trailer at Holman's warehouse, plaintiff drove the truck to Kingston, New Hampshire, where defendant Customized Transportation, Inc. operated a warehouse. While assisting in the unloading of the cargo at Customized Transportation, plaintiff was injured when cartons of appliances fell on him. After Holman served an answer to plaintiff's complaint, it commenced a third-party action seeking contribution and/or indemnification from Transport. As an affirmative defense in its third-party answer, Transport claimed that the action was barred by the Workers' Compensation Law. Thereafter, Transport moved to dismiss the third-party complaint based on New Hampshire's Workers' Compensation Law which prohibits contribution claims against employers. Supreme Court granted Transport's motion and dismissed the third-party complaint. This appeal ensued.

Holman argues that Supreme Court erroneously dismissed the third-party complaint and that the New York Workers' Compensation Law is applicable. We disagree. Initially, we find that both New York and New Hampshire have a sufficient nexus with this case to satisfy the constitutional requirement

that the application of their respective laws is not arbitrary or fundamentally unfair (*see, Phillips Petroleum Co. v Shutts*, 472 US 797, 818; *Cooney v Osgood Mach.*, 81 NY2d 66, 70-71; *Schultz v Boy Scouts*, 65 NY2d 189, 202-203, n 4).

Under New York's choice of law principles, we need to determine which jurisdiction has the greater interest in having its law applied (*see, Padula v Lilarn Props. Corp.*, 84 NY2d 519, 521; *Cooney v Osgood Mach.*, *supra*, at 72; *Neumeier v Kuehner*, 31 NY2d 121). The essential considerations in reaching this determination are (1) in what jurisdiction did any significant contacts occur, and (2) whether the statute at issue regulates conduct or allocates loss (*see, Padula v Lilarn Props. Corp.*, *supra*, at 521). Here, the significant contacts involve corporate domiciliaries of different States and an accident occurring in New Hampshire. A contribution claim in the context of the Workers' Compensation Law pertains to loss allocation rather than regulation of conduct (*see, Cooney v Osgood Mach.*, *supra*, at 74). Where both litigants are domiciled in the same jurisdiction the loss allocation rule of the common domicile is applicable, but in cases in which the parties are domiciled in different States and the law of each litigant's domicile favors that party, the law of the place of injury is applied (*see, Padula v Lilarn Props. Corp.*, *supra*, at 522; *Cooney v Osgood Mach.*, *supra*, at 73-74; *Neumeier v Kuehner*, *supra*, at 128). Furthermore, where the parties have separate domiciles and the injury occurred in another jurisdiction, the locus jurisdiction's law will generally be applied. Another jurisdiction's law may be applied, however, "when it would advance substantive law purposes without impairing the multistate system or producing great uncertainty" (*Cooney v Osgood Mach.*, *supra*, at 74; *see, Schultz v Boy Scouts*, *supra*, at 201).

Here, the domiciles of plaintiff, Holman and Transport are not in common and the alleged tortious conduct did not occur in a State in which any party was domiciled. The New York Workers' Compensation Law,[1] which allows for contribution claims against employers, would frustrate and offend New Hampshire's policy of protecting employers from such claims (*see, Cooney v Osgood Mach.*, *supra*; *Neumeier v Kuehner*,

1. The Workers' Compensation Reform Act of 1996 (L 1996, ch 635, § 2, amending Workers' Compensation Law § 11), effective September 10, 1996, bars contribution or indemnity claims against employers except for " 'grave injur[ies]' ". It was found not to apply retroactively with respect to injuries sustained prior to the effective date of the Act (*see, Majewski v Broadalbin-Perth Cent. School Dist.*, 231 AD2d 102, *affd* 91 NY2d 577).

*supra*). Therefore, the respective interests of New York and New Hampshire in enforcement of its Workers' Compensation Law are irreconcilable but equal, and one State's interest in applying its workers' compensation statute cannot be accomplished without offending the other State's law[2] (*see, Cooney v Osgood Mach., supra*).

Under these circumstances, we find that it would be undesirable to impose New York's Workers' Compensation Law on an employer who is domiciled in another State with respect to an injury which occurred in a third State. Therefore, applying the locus jurisdiction's rule is most appropriate. Since New Hampshire's Workers' Compensation Law bars Holman's third-party action, Supreme Court's dismissal of the third-party complaint was correct.

CREW III, J. P., WHITE, PETERS and CARPINELLO, JJ., concur.

Ordered that the order is affirmed, with costs.

---

**2.** We note that since this statute was amended in 1996 to prevent contribution or indemnity claims against employers except for "grave injuries" sustained by employees, it is arguable that New York has a lesser interest in enforcing the applicable law which has been superceded.