■ ROBERT PHELAN, as Administrator of the Estate of WILLIAM E. PHELAN, Deceased, Appellant, v BUDGET RENT A CAR SYSTEMS, INC., et al., Respondents. [699 NYS2d 568] —Graffeo, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered January 13, 1999 in Essex County, which, *inter alia*, granted a cross motion by defendants Peggy Harris and Jennifer R. Harris directing that New York law and not Connecticut law be applied to this action on the issue of damages.

Plaintiff commenced this action against defendants Peggy Harris and Jennifer R. Harris (hereinafter collectively referred to as defendants) and defendant Budget Rent A Car Systems, Inc. to recover damages in connection with the death of his son as the result of a 1992 automobile accident in the Town of Essex, Essex County. Plaintiff thereafter moved for an order directing that the law of Connecticut, decedent's domicile, be applied to the issue of damages. Defendants cross-moved for an order to apply the law of the situs of the accident. Supreme Court denied plaintiff's motion and granted defendants' cross motion to apply New York law to the issue of damages.* Plaintiff now appeals and after applying choice of law principles, we affirm.

In cases in which the conflicting laws at issue are conduct regulating, the situs of the tort dictates which State's law shall generally apply, while other factors, including the parties' domiciles, are taken into consideration if loss distribution rules are at issue (*see, Cooney v Osgood Mach.*, 81 NY2d 66, 72). Loss allocation rules "prohibit, assign, or limit liability after

---

* Pursuant to New York law, a decedent's survivors are entitled to damages deemed a "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (EPTL 5-4.3). Connecticut law, on the other hand, permits the administrator of the estate who brings a wrongful death cause of action to recover "just damages" plus expenses for the injuries resulting in death (*see,* Conn Gen Stat Annot § 52-555).

the tort occurs" (*Padula v Lilarn Props. Corp.*, 84 NY2d 519, 522), and wrongful death statutes have been deemed to fall within this category of interest (*see, id.*, at 522, citing *Miller v Miller*, 22 NY2d 12). Where, as here, the domiciles of the parties are not in common and the alleged tortious conduct did not occur in the state in which any party was domiciled, the situs of the accident is generally the determining factor in a choice of law conflict, unless applying another jurisdiction's laws " 'will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants' " (*Neumeier v Kuehner*, 31 NY2d 121, 128, quoting *Tooker v Lopez*, 24 NY2d 569, 585; *see, Cooney v Osgood Mach., supra*, at 74; *Schultz v Boy Scouts*, 65 NY2d 189, 201-202; *Gleason v Holman Contract Warehouse*, 250 AD2d 339).

Decedent was a Connecticut domiciliary, the driver was a California domiciliary, the car was rented in Massachusetts by a California domiciliary and the accident occurred during a trip within New York. Additionally, the parties have a significant nexus to New York; both the driver and plaintiff owned vacation homes in New York and spent considerable time in Essex County. Hence, the parties were not merely "passing through" but were on vacation in New York and could reasonably expect to be subjected to the laws of New York. In contrast, defendants have no connection to Connecticut and had no reason to foresee being bound by that jurisdiction's rules in an accident occurring in New York (*see, e.g., Aboud v Budget Rent A Car Corp.*, 29 F Supp 2d 178). Because Connecticut's wrongful death statute provides for greater potential recovery than New York's rule, the laws of the two States are irreconcilable and plaintiff has not set forth sufficient grounds to warrant displacement of New York law in favor of Connecticut's statute.

Under these circumstances, we find no reason to depart from the general rule that the locus of the accident is the determining factor for choice of law resolution in this case (*see, Gleason v Holman Contract Warehouse, supra*, at 341; *see generally, Neumeier v Kuehner, supra*, at 128; *compare, Schultz v Boy Scouts, supra*, at 201), especially since the interrelationship of the parties was centered in New York (*see, Weisberg v Layne-New York Co.*, 132 AD2d 550, 552). Accordingly, Supreme Court's decision finding New York law applicable to the issue of damages will not be disturbed.

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.