OPINION OF THE COURT
Memorandum.
Order unanimously affirmed without costs.
*370 Plaintiffs are New Jersey residents who were involved in an automobile accident in New York, on the Verrazano Bridge, with defendant, a New York resident. Defendant subsequently moved for summary judgment on the ground that plaintiffs failed to sustain serious injuries pursuant to Insurance Law § 5102 (d). Plaintiffs contend that the “no threshold” provision of the New Jersey no-fault law should control since their car, which was owned and operated by Ronald Kranzler and in which Scott Kranzler was a passenger, was registered, garaged and insured in New Jersey under an insurance policy in which the no threshold option was purchased. We disagree.
New York law sets forth a “serious injury” threshold which must be met before the recovery of noneconomic damages (Insurance Law §§ 5102, 5104). New Jersey, however, allows the purchase of a no threshold option, for an increased premium, whereby the insured has no limitations on lawsuits and can sue for the noneconomic loss of pain and suffering for any injury, no matter how minor (NJ Stat Annot § 39:6A-8). Since both these statutes involve postevent remedial laws relating to the recovery of noneconomic damages, they are defined as loss allocation cases for the purposes of choice of law (see, e.g., Schultz v Boy Scouts, 65 NY2d 189, 198; Neumeier v Kuehner, 31 NY2d 121; Tooker v Lopez, 24 NY2d 569, 576; Miller v Miller, 22 NY2d 12, 18-19; Babcock v Jackson, 12 NY2d 473, 483; see also, Miller v Bombardier, Inc., 872 F Supp 114, 118). In Neumeier, the Court of Appeals adopted three rules in determining the choice of law in loss allocation situations. Even though these rules were drafted for driver/passenger guest statutes, they are also applied to other loss allocation conflicts (see, e.g., Cooney v Osgood Mach., 81 NY2d 66, 73; Schultz v Boy Scouts, supra, at 199-202; see also, Padula v Lilarn Props. Corp., 84 NY2d 519).
The first Neumeier rule applies the law of the common domicile when all litigants live in the same state. This rule is inapplicable herein since defendant does not share the same state of domicile as plaintiffs. The second Neumeier rule applies the law of the place of injury when the litigants are domiciled in different states, each state’s law favors its respective domiciliary, and the action is pending in the jurisdiction of one of the litigants. This rule applies to the facts herein as plaintiffs are New Jersey domiciliaries and New Jersey’s no threshold provision favors them, while defendant is a New York domiciliary and New York’s serious injury threshold favors him. Accordingly, we find that New York law controls. It is not only the *371 place of injury, but is also the state in which all parties voluntarily associated themselves (Cooney v Osgood Mach., supra; Miller v Bombardier, Inc., supra).
Plaintiffs contend, however, that the third Neumeier rule applies herein. This rule is applicable to other situations where the litigants are domiciled in different states and provides that, normally, the law of the place of injury will control unless it is shown “that displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants” (Neumeier v Kuehner, supra, at 128 [internal quotation marks omitted]). Plaintiffs argue that if New Jersey’s no threshold provision is not applied, New Jersey’s citizens who are involved in accidents in New York would be denied the protection which New Jersey’s statute was designed to provide and the multi-state system would be fatally eroded. However, plaintiffs fail to consider that the rationale behind New York’s serious injury threshold requirement (to reduce the number of litigated automobile personal injury cases and to reduce no-fault insurance premiums) would be eroded if New Jersey law were applied and it would provide great uncertainty for New York domiciliaries who are involved in automobile accidents with New Jersey domiciliaries in New York State. As previously noted, we apply the second Neumeier rule to the facts herein. However, New York law would also control were the third Neumeier rule applicable herein since, arguably, each state’s interest in enforcing its law is equal and the law of the place of injury controls in such a situation (Cooney v Osgood Mach., supra, at 74; see also, Schultz v Boy Scouts, supra, at 200-202).
Upon the application of New York law to the facts herein, the record on appeal establishes that defendant made a prima facie showing that plaintiffs did not sustain serious injuries pursuant to Insurance Law § 5102 (d). Plaintiffs failed to raise a triable issue of fact since they did not produce evidentiary proof, in admissible form, that they sustained serious injuries (Gaddy v Eyler, 79 NY2d 955). Accordingly, we find that the court below properly granted defendant’s motion for summary judgment dismissing the complaint.
Aronin, J. P., Patterson and Golia, JJ., concur.