ATSCO LTD. et al., Appellants, v HARYATI ZAINUDIN SWANSON et al., Respondents, et al., Defendant. [816 NYS2d 31]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered October 13, 2004, which, to the extent appealed from, granted that portion of the Swanson defendants' motion for dismissal of the claims based on New York law, unanimously affirmed, without costs.

The court properly found that a conflict exists between New York and Malaysian law in connection with the tort of fraudulent conveyance. Malaysian law imposes liability under its National Land Code only where there is "actual fraud" (*see PJTV Denson [M] Sdn Bhd & Ors v Roxy [Malaysia] Sdn Bhd*, [1980] 2 MLJ 136, 138). By contrast, New York imposes liability for "constructive fraud" under Debtor and Creditor Law § 273-a with respect to every conveyance made without fair consideration where the person making it is a defendant in an action for money damages "without regard to the actual intent of th[at] defendant." A separate section of the Debtor and Creditor Law, section 276, governs conveyances based upon "actual fraud,"

upon a showing of either "actual intent" or, where "badges of fraud" support such inference (*Wall St. Assoc. v Brodsky*, 257 AD2d 526, 529 [1999] ["badges of fraud" are "circumstances so commonly associated with fraudulent transfers 'that their presence gives rise to an inference of intent' " (citations omitted)]).

Given that fraudulent conveyance laws are "conduct regulating" (*see GFL Advantage Fund, Ltd. v Colkitt*, 2003 WL 21459716, *3, 2003 US Dist LEXIS 10643, *10 [SD NY 2003]), "the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders" (*Cooney v Osgood Mach.*, 81 NY2d 66, 72 [1993]; *see also Padula v Lilarn Props. Corp.*, 84 NY2d 519 [1994]). "[T]he locus jurisdiction's interests in protecting the reasonable expectations of the parties who relied on it to govern their primary conduct[,] and in the admonitory effect that applying its law will have on similar conduct in the future[,] assume critical importance and outweigh any interests of the common-domicile jurisdiction" (*Schultz v Boy Scouts of Am.*, 65 NY2d 189, 198 [1985]).

Applying these principles, the court properly held that the law of Malaysia should apply. Plaintiffs are challenging the transfer of assets by a Malaysian citizen out of Malaysia in the face of a Malaysian injunction during a Malaysian proceeding that resulted in a Malaysian judgment. It also bears noting that the purpose of fraudulent conveyance laws is to aid creditors who have been defrauded by the transfer of property, and here, the creditors are not New York residents, but a Japanese citizen and a Cayman Islands entity (*see Locke v Aston*, 31 AD3d 33 [2006] [under *Padula*, cases involving conduct regulating torts require consideration of the residency of the parties to determine their reasonable expectations]). Here, Malaysia, not New York, "has the most significant contacts with the matter in dispute" (*Elgin Sweeper Co. v Melson Inc.*, 884 F Supp 641, 650 n 12 [ND NY 1995]). Accordingly, the claims under the New York Debtor and Creditor Law were properly dismissed.

We have considered plaintiffs' remaining arguments and find them without merit. Concur—Tom, J.P., Mazzarelli, Sullivan, Sweeny and Malone, JJ.