■ ISABEL MARCELLE CRISTINA GOLDSMITH et al., Appellants, v SOTHEBY'S, INC., Respondent. (And a Third-Party Action.) [859 NYS2d 420]—

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered June 19, 2007, insofar as appealed from as limited by the briefs, dismissing the complaint pursuant to an order, same court and Justice, entered May 2, 2007, which, in an action for conversion, granted defendant's motion for summary judgment on the ground that the action was untimely under English law, unanimously reversed, on the law, without costs, defendants' motion denied, the complaint reinstated and the matter remanded for further proceedings consistent herewith. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiffs commenced this action for conversion against defendant in connection with the auctioning of a rare and valuable table owned by plaintiffs. The table was stored at a warehouse in England from 1985 until April 1995, at which time it was removed from the warehouse unbeknownst to plaintiffs. In 1999, after making inquiries, plaintiff Goldsmith was informed that the table was not at the warehouse and could not be located, and in 2000, she learned that defendant had sold the table at an auction in New York in November 1998.

Defendant sought summary judgment because, inter alia,

under the English Limitation Act of 1980, a cause of action for conversion must be brought within six years of the original conversion, regardless of subsequent conversions, and since the original conversion occurred in April 1995, the action commenced in October 2001 was untimely. Plaintiffs countered that the action was timely under CPLR 214 (3) because it was brought within three years of the auction of the table.

We agree with the motion court that English law applies to this action. There exists an actual conflict between the limitations periods of CPLR 214 (3) and the English statute of repose for plaintiffs' conversion cause of action (see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223 [1993]), and England has the greatest concern with the specific issue raised in the litigation (see Babcock v Jackson, 12 NY2d 473, 481 [1963]). Although the auction of plaintiffs' table occurred in New York, the remainder of the significant contacts were located in England (see Padula v Lilarn Props. Corp., 84 NY2d 519, 521 [1994]). Furthermore, the subject statutes are loss-allocating rules inasmuch as they "prohibit, assign, or limit liability after the tort occurs" (id. at 522).

However, dismissal of the complaint was not warranted since the record shows that plaintiffs raised an issue of fact as to whether, under English law, the applicable repose period had been tolled. According to both parties' experts, the six-year limitations period does not begin to run from the date of the conversion where such conversion is a theft or related to a theft. Plaintiffs' expert opined that, under applicable provisions of English Law, the alleged conversion of the table may have constituted a theft, and the expert's findings, along with additional documentary and testimonial evidence submitted by plaintiff, presents triable issues regarding the accrual date of the conversion claim. Concur—Andrias, J.P., Gonzalez, Moskowitz and DeGrasse, JJ. [See 2007 NY Slip Op 31019(U).]