■ ALLAN V. ROSE et al., Appellants, v ARTHUR J. GALLAGHER & Co. et al., Respondents. [928 NYS2d 783]—

This action arises from the alleged failure of the defendants, in their capacity as insurance brokers, to provide the plaintiffs with an accurate quote for the cost of certain insurance coverage. The third, fourth, and fifth causes of action in the amended complaint, which are at issue on this appeal, allege negligence, professional malpractice, and breach of fiduciary duty, respectively. The only issue disputed by the parties is whether the conduct alleged in those three causes of action is governed by Louisiana law or New York law.

The three causes of action in question sound in tort and, thus, contrary to the parties' contentions, the conflict-of-laws standard that applies in contract-based actions (*see Zurich Ins. Co. v Shearson Lehman Hutton*, 84 NY2d 309, 317-319 [1994]) does not apply here. Since the laws alleged to be in conflict—including those regarding the availability of punitive damages, an important purpose of which is deterrence (*see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 489 [2007])—are of a conduct-regulating nature, the law of the place of the tort applies (*see Padula v Lilarn Props. Corp.*, 84 NY2d 519 [1994]; *Cooney v Osgood Mach.*, 81 NY2d 66, 72 [1993]; *Schultz v Boy Scouts of Am.*, 65 NY2d 189, 198 [1985]; *Shaw v Carolina Coach*, 82 AD3d 98, 101 [2011]). In this case, the allegedly negligent quote was requested by the plaintiffs, and provided by the defendants, through e-mail communications that were sent from and received in New York. Thus, the tortious conduct alleged in the amended complaint is governed by New York law. Since the parties charted a procedural course in which the viability of the three causes of action in question depends upon whether they are governed by Louisiana law, the Supreme Court properly awarded the defendants summary judgment dismissing those causes of action. Prudenti, P.J., Eng, Hall and Lott, JJ., concur.