Lobo v Gatehouse Partners, LLC (2019 NY Slip Op 01317)





Lobo v Gatehouse Partners, LLC


2019 NY Slip Op 01317


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Renwick, J.P., Tom, Singh, Moulton, JJ.


8467N 301930/16

[*1] Jose Lobo, Plaintiff-Appellant,
v
Gatehouse Partners, LLC, Defendant-Respondent.
Gatehouse Partners, LLC, Third-Party Plaintiff-Respondent,
v & Y Construction, LLC, Third-Party Defendant, Anatoliy Kovalskyy, Third-Party Defendant-Respondent.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Kennedys CMK, New York (Nitin Sain of counsel), for Gatehouse Partners, LLC, respondent.
Gallo Vitucci Klar LLP, New York (Kimberly A. Ricciardi of counsel), for Anatoliy Kovalskyy, respondent.



Order, Supreme Court, Bronx County (Joseph E. Capella, J.), entered on or about February 23, 2017, which granted third-party defendant Anatoliy Kovalskyy's motion to dismiss the action pursuant to CPLR 327(a), unanimously reversed, on the facts, without costs, and the motion denied.
Plaintiff, a resident of Connecticut, seeks to recover damages under the Labor Law for injuries he sustained in a fall from a scaffold while working at a home renovation project in Westchester County. Defendant, the general contractor, and third-party defendants, the subcontractors, are also residents of Connecticut.
Third-party defendant Kovalskyy failed to meet the heavy burden of demonstrating that plaintiff's selection of New York as the forum for this action is not proper (see Wilson v Dantas, 128 AD3d 176, 187 [1st Dept 2015]; see also Swaney v Academy Bus Tours of N.Y., Inc., 158 AD3d 437 [1st Dept 2018] [setting forth relevant factors to consider]). The Labor Law exists to protect construction workers, like plaintiff, laboring in New York (Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520 [1985]). The burden on the courts is minimal, given that the action involves the application of New York law to plaintiff's claims and only a possibility that Connecticut law will be applied to the third-party claims for indemnification and contribution (see Padula v Lilarn Props. Corp., 84 NY2d 519, 522-523 [1994]; Wilson, 128 AD3d at 187). Nothing in the record demonstrates hardship to Kovalskyy, who affirmatively entered into a substantial contract to perform construction work on a home in New York, which requires compliance with New York law governing worker safety (see Koenig v Patrick Constr. Corp., 298 NY 313, 318 [1948]).
Kovalskyy also failed to demonstrate that a change of venue, as an alternative to dismissal on forum non conveniens grounds, should be granted. Plaintiff was permitted to designate any county as the venue for the action, because neither he nor defendant was a resident [*2]of New York when the action was commenced (CPLR 503[a]; 510[1]). Therefore, Bronx County is a proper venue. Kovalskyy made no showing that the convenience of any material nonparty witnesses warranted a discretionary change of venue (CPLR 510[3]; see Celentano v Boo Realty, LLC, 160 AD3d 576, 577 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK