Matter of Wimbledon Fund, SPC (Class TT) v Weston Capital Partners Master Fund II, Ltd. (2020 NY Slip Op 03279)





Matter of Wimbledon Fund, SPC (Class TT) v Weston Capital Partners Master Fund II, Ltd.


2020 NY Slip Op 03279


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Richter, J.P., Manzanet-Daniels, Kern, Oing, JJ.


11635 160576/17

[*1] In re Wimbledon Fund, SPC (Class TT), Petitioner-Respondent,
v
Weston Capital Partners Master Fund II, Ltd., Respondent-Appellant, Wimbledon Financing Master Fund Ltd., Respondent.


Ballard Spahr LLP, New York (Eugene R. Licker of counsel), for appellant.
Cole Scholtz P.C., New York (Eric S. Latzer of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered on or about April 4, 2019, which denied the motion of respondent Weston Capital Partners Master Fund II, Ltd. (Weston) to dismiss the amended petition and granted said petition, unanimously reversed, on the law, without costs, and Weston's motion granted.
In this turnover proceeding, petitioner — a judgment creditor — seeks to recover funds from Weston, alleging that there was a fraudulent conveyance from judgment debtor Swartz IP Services Group Inc. (SIP) to Weston. Weston's contention that petitioner lacked standing because it released SIP is unavailing. While the settlement and release agreement that petitioner, SIP, and others signed in another action is not as clear as the one in Koehler v Bank of Bermuda Ltd. (544 F3d 78 [2d Cir 2008]), it sufficiently shows that petitioner "intended to reserve [its] right to sue" Weston (id. at 84). Unlike the judgment creditor in Allard v DeLorean (884 F2d 464 [9th Cir 1989]), petitioner has not "executed and filed a full satisfaction of judgment" (id. at 466), and it is not "undisputed that the judgment has been satisfied" (Oparaji v Madison Queens-Guy Brewer, 302 AD2d 439, 440 [2d Dept 2003]).
Weston next argues that this proceeding is champertous because (1) David Bergstein, Graybox LLC, and/or SIP are funding the first $500,000 of this litigation and (2) petitioner and Graybox or its designee agreed to divide the first $4.8 million recovered in this action. However, Graybox is not bringing this lawsuit; rather, petitioner is. Furthermore, the instant action does not fall under the narrow scope of champerty (see Trust for Certificate Holders of Merrill Lynch Mtge. Invs., Inc. Mtge. Pass-Through Certificates, Series 1999-C1 v Love Funding Corp., 13 NY3d 190, 199-201 [2009]).
Third, Weston contends that this proceeding should be dismissed under the doctrine of unclean hands. However, unclean hands is "equivalent" to in pari delicto, which "is not a defense to a fraudulent conveyance suit" (Matter of Wimbledon Fin. Master Fund, Ltd. v Wimbledon Fund, SPC, 162 AD3d 433, 434 [1st Dept 2018] [internal quotation marks omitted]). Even if unclean hands were applicable, Weston cites no precedent showing that petitioner's act of entering into a settlement agreement was unconscionable or immoral (Citibank, N.A. v American Banana Co., Inc., 50 AD3d 593, 594 [1st Dept 2008]); on the contrary, public policy favors the settlement of disputes. To be sure, Bergstein has unclean hands, but he is not bringing the instant proceeding (cf. Levy v Braverman, 24 AD2d 430 [1st Dept 1965]).
Nevertheless, the proceeding should have been dismissed on the ground that petitioner failed to sufficiently plead a fraudulent conveyance claim under Cayman Islands law, which applies in this case. Contrary to the motion court's finding, Weston did not concede that Cayman and New York law were the same with respect to fraudulent conveyance claims. Indeed, on [*2]appeal, it is not disputed that Cayman Islands and New York law differ.
"In the context of tort law, New York utilizes interest analysis to determine which of two competing jurisdictions has the greater interest in having its law applied in the litigation" (Padula v Lilarn Props. Corp., 84 NY2d 519, 521 [1994]). "Given that fraudulent conveyance laws are conduct regulating,' the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders'" (Atsco Ltd. v Swanson, 29 AD3d 465, 466 [1st Dept 2006], citing Cooney v Osgood Mach., 81 NY2d 66, 72 [1993][internal quotations omitted]). " [T]he locus jurisdiction's interests in protecting the reasonable expectations of the parties who relied on it to govern their primary conduct[,] and in the admonitory effect that applying its law will have on similar conduct in the future[,] assume critical importance . . . ." (Atsco Ltd., 29 AD3d at 466, citing Schultz v Boy Scouts of Am., 65 NY2d 189, 198 [1985]). Further, as "the purpose of fraudulent conveyance laws is to aid creditors who have been defrauded by the transfer of property," consideration of the residency of the parties, particularly the creditors, is also required to determine their reasonable expectations (Atsco Ltd., 29 AD3d at 466; see also Padula, 84 NY2d at 521). Applying these principles, the law of the Cayman Islands applies to petitioner's fraudulent conveyance claim. Petitioner, who is the creditor allegedly injured by the fraudulent transfer of the funds at issue, is a Cayman Islands domiciliary. Moreover, petitioner is seeking the return of funds which were allegedly fraudulently transferred to Weston, also a Cayman Islands domiciliary. Additionally, the Cayman Islands has the greatest interest in protecting the reasonable expectations of its residents, both petitioner and respondent Weston, who relied on Cayman Islands law to govern their conduct. Although SIP, the transferor of the funds, is domiciled in Texas, and the bank account into which the funds were transferred is located in New York, it is the Cayman Islands that has the most significant contacts with the matter in dispute. Thus, Cayman Islands law should apply.
Upon application of Cayman Islands law, petitioner's fraudulent conveyance claim should have been dismissed on the ground that it was not sufficiently alleged in the petition. Both sides agree that, to make out a cause of action under the Cayman Islands' Fraudulent Dispositions Law, petitioner must establish, inter alia, that SIP disposed of property with an intent to defraud and at an undervalue. They also agree that intent to defraud means an intention of a transferor wilfully to defeat an obligation owed to a creditor. The petition fails to allege that SIP transferred money to Weston with the requisite intent to defraud petitioner. Therefore, it should have been dismissed.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK