Clark Tower, LLC v Wells Fargo Bank, N.A. (2025 NY Slip Op 02406)

Clark Tower, LLC v Wells Fargo Bank, N.A.

2025 NY Slip Op 02406

Decided on April 24, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 24, 2025

Before: Manzanet-Daniels, J.P., González, Shulman, O'Neill Levy, Michael, JJ. 

Index No. 651319/19|Appeal No. 4183-4184|Case No. 2023-02154 2024-04194|

[*1]Clark Tower, LLC, Plaintiff-Appellant,
v
Wells Fargo Bank, N.A., etc., et al., Defendants-Respondents. 

Frydman, LLC, New York (David S. Frydman of counsel), for appellant.
Akerman LLP, New York (Scott M. Kessler of counsel), for Axonic Capital LLC, respondent.

Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered June 26, 2024, which, to the extent appealed from as limited by the briefs, dismissed the causes of action for tortious interference with contract (the third cause of action) and inducement of breach of contract in violation of Tennessee Code § 47-50-109 (the fourth cause of action) as against defendant Axonic Capital LLC, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered April 19, 2023, which, to the extent appealed from as limited by the briefs, granted Axonic's motion to dismiss the third and fourth causes of action as against it, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
In this dispute over the foreclosure of a mortgage held by a commercial mortgage-backed trust, choice of law principles dictate that Tennessee law applies to the causes of action sounding in tortious interference. Although Axonic, the advisor to the directing certificate holder of the trust, is domiciled in New York, the significant contacts underlying the action are located in Tennessee where the alleged tortious interference occurred, and the property at issue is located (see Padula v Lilarn Properties Corp. , 84 NY2d 519, 521 [1994]). The conclusion that Tennessee law applies holds especially true where the claim is based on standards of conduct, rather than on loss allocation (id. at 521-522).
As to the merits, we agree with plaintiff that Tennessee does not provide an economic justification defense to a cause of action sounding in tortious interference with contract. Nevertheless, narrower defenses to the cause of action still require dismissal of the causes of action sounding in tortious interference with contract. Tennessee does permit interference with a contract in limited and specific circumstances — namely, to protect another person or the public interest, or when there is a special responsibility to one of the contracting parties (Middle Tennessee Lbr. Co. v Door Components, LLC , 2014 US Dist LEXIS 206137, at *25-26 [MD Tenn May 2, 2014, No. 3:12-0343]). Tennessee has also recognized, in the corporate context, that directors, officers, or employees are not liable for tortiously interfering with corporate contracts if they are acting to serve the corporate interests and they are acting within the scope of their authority (Forrester v Stockstill, 869 SW2d 328, 333 [Tenn 1994]). These privileges shield defendant from liability, as Axonic had a contractual right to advise the special and master servicers with regard to certain types of transactions, including the refinancing transaction at issue here.
Axonic is also shielded from liability because plaintiff was the first to breach the parties' contract, thus absolving the defendant trust from any further obligation to perform under Tennessee law. Without a breach of the contract, there is no claim for tortious interference of that contract (see HCTec Partners, LLC v [*2]Crawford , 676 SW3d 619, 641-642 [Tenn Ct App 2022]). Moreover, the proximate cause of the foreclosure was plaintiff's failure to timely exercise its right to extend the loan.
Although Supreme Court ruled on damages, those rulings were made in the context of the wrongful foreclosure cause of action. However, plaintiff has withdrawn so much of this appeal as sought reinstatement that cause of action, thus rendering the damages issue moot.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 24, 2025