566 P.2d 376

Kevin COLBORN, Plaintiff-Appellant,

v.

Terry FREEMAN and Smith Chevrolet, Inc., an Idaho Corporation, Defendants,

Smith Chevrolet, Inc., Defendant-Respondent.

No. 12336.

Supreme Court of Idaho.

June 24, 1977.

Grant L. Young, Rigby, for plaintiff-appellant.

Stephen McGrath, St. Clair, St. Clair, Hiller, Benjamin & Wood, Chartered, Idaho Falls, for defendant-respondent.

PER CURIAM.

Defendant Terry Freeman purchased an automobile from defendant-respondent Smith Chevrolet. Payment was made in the form of two checks, and Freeman took possession. Smith Chevrolet subsequently learned that the checks were not authorized; the checks were taken to the bank and dishonored with the notation "insufficient funds." The Idaho Falls police were notified, but the auto was not recovered. Title to the vehicle was not transferred to Freeman's name because Smith Chevrolet regarded the deal as void.

Some time later, Freeman was driving the automobile and was involved in an accident in which plaintiff-appellant Kevin Colborn was injured. Colborn sued Freeman and Smith Chevrolet, alleging in his complaint that the accident was caused by Freeman's negligence. Smith Chevrolet's alleged liability was premised solely on I.C. § 49–1404:

"Owner's tort liability for negligence of another—Subrogation.—1. Responsibility of owner for negligent operation by person using vehicle with permission—Imputation of negligence. Every owner of a motor vehicle is liable and responsible for the death of or injury to a person

or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, expressed or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

Smith Chevrolet moved for summary judgment, arguing that it was not the owner of the vehicle at the time of the accident, and that even if it was, Freeman was not using the car with permission. That motion was granted by the district court, on both grounds, and Colborn perfected this appeal. We agree with the district court that there was no permission, and do not reach the issue of whether Smith Chevrolet was an owner of the automobile.

Idaho Code § 49–1404 imputes a driver's negligence to the owner of an automobile only when a "person using or operating the same with the permission, expressed or implied, of such owner," is driving. Appellants contend that Freeman was given permission to use the car by Smith Chevrolet when the keys were turned over to him. Respondent contends, however, that the permission was vitiated by the fraud perpetrated by Freeman in passing the bad checks.

■ This is not an instance of contract interpretation in which we are attempting to ascertain the contractual validity of consent given. Thus we are not presented, as appellants urge, with a contracts question of whether consent was revoked. Rather, this is a matter of determining what the legislature intended when it adopted the provisions of I.C. § 49–1404. It is clear upon reading the statute that the purpose of the section was to hold an owner responsible for the damages done by his vehicle when it is operated by another person with his permission. The question presented here is whether Smith Chevrolet, Inc., gave permission to Freeman to use the automobile, and the answer is that it did not. At the time of the transaction between the company and Freeman, Smith Chevrolet believed the automobile to be sold, and from their point of view, no permission by the company was necessary. Subsequently, when the company discovered that a fraud

had been perpetrated by the issuance of insufficient checks, the company acted promptly in attempting to regain possession of the car by calling upon the police. After that time, there could be no permission construed. It is the conclusion of this court that the vehicle was not operated by Freeman with the company's permission within the purview of I.C. § 49–1404. Cf. *Guy Martin Buick v. Colorado Springs Nat'l Bank*, 32 Colo.App. 235, 511 P.2d 912 (1973).

The district court concluded that although there were allegations that Freeman was operating the car with permission, "there is nothing to bear that statement out * * *." Applying our conclusion herein, the district court correctly granted summary judgment in favor of the defendant.

Affirmed. Costs to Respondents.

McFADDEN, C. J., DONALDSON, SHEPARD and BAKES, JJ., and SCOGGIN, D. J., participated.