[715 NYS2d 566]

J.B. DORSEY et al., as Administrators of the Estate of DIMONEKENE L. MPUTU, Deceased, Respondents-Appellants, v NICOS K. YANTAMBWE, Respondent, and RAPID RENTALS, INC., Appellant-Respondent.

Fourth Department, November 13, 2000

APPEARANCES OF COUNSEL

*Patrick Francis Macrae,* Syracuse, for appellant-respondent.

*Smith Sovik Kendrick Sugnet, P. C.,* Syracuse (*Theresa N. McCorry* of counsel), for respondent.

*Kenny & Kenny,* Syracuse (*Jason A. Richman* of counsel), for respondents-appellants.

### OPINION OF THE COURT

WISNER, J.

This wrongful death action, which arises from a single-car accident in the Town of Preble involving a vehicle rented in the District of Columbia, presents a choice of law issue. Although New York was the place of the alleged tort, all other significant contacts are with Virginia and the District of Columbia. Plaintiffs contend that the law of New York applies, and they seek to hold the rental car company, defendant Rapid Rentals, Inc. (Rapid Rentals), vicariously liable for the alleged negligence of the driver, defendant Nicos K. Yantambwe, pursuant to Vehicle and Traffic Law § 388 (1) (*see, MVAIC v Continental Natl. Am. Group Co.,* 35 NY2d 260, 264-265). The parties agree that under the laws of Virginia (*see, Integon Natl. Ins. Co. v Welcome Corp.,* 53 F Supp 2d 599) and the District of Columbia (*see, Edens v Musolino,* 731 F Supp 533; *see also, U-Haul Co. v State Farm Mut. Auto. Ins. Co.,* 616 A2d 1264 [DC]), there can be no such liability because Yantambwe was not an authorized driver under the rental agreement. Supreme Court applied the law of New York and granted that part of plaintiff's motion for summary judgment seeking a conditional order of vicarious liability against Rapid Rentals. That was error. We conclude that the law of Virginia applies pursuant to the first *Neumeier* rule (*see, Neumeier v Kuehner,* 31 NY2d 121, 128; *see also, Padula v Lilarn Props. Corp.,* 84 NY2d 519, 522) and that Rapid Rentals' cross motion for summary judgment should have been granted insofar as Rapid Rentals sought dismissal of the complaint against it.

Plaintiff's decedent was a passenger in the vehicle that was rented by Raymond Ohani in the District of Columbia. Although Ohani was the only authorized driver under the rental agreement, Yantambwe was operating the vehicle with Ohani's permission. Rapid Rentals, a subsidiary of Budget Rent A Car Systems, is headquartered in Arlington, Virginia and does business in the District of Columbia. It is not disputed that the District of Columbia was the domicile of Ohani and Yantambwe

and that Virginia was the domicile of decedent. The only significant connection to New York is the location of the accident.

Plaintiffs moved, *inter alia*, for summary judgment against Rapid Rentals on the issue of vicarious liability under Vehicle and Traffic Law § 388 (1). Rapid Rentals opposed the motion and cross-moved, *inter alia*, for summary judgment seeking dismissal of the complaint against it on the ground that, under the law of either Virginia or the District of Columbia, it cannot be held vicariously liable for the alleged negligence of an unauthorized driver. The court, noting the different domiciles of the principal parties and the conflicting rules of law, determined pursuant to the third *Neumeier* rule that the law of the place of the accident applies (*see, Cooney v Osgood Mach.*, 81 NY2d 66, 73-74), and it ruled in plaintiffs' favor.

In resolving this choice of law issue, "the preferred analytical tool in tort cases is to apply 'interest analysis'" (*Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 225; *see, Cooney v Osgood Mach.*, *supra*, at 72). Under that analysis, "the law of the jurisdiction having the greatest interest in the litigation will be applied and * * * the facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict" (*Miller v Miller*, 22 NY2d 12, 15-16; *see, Padula v Lilarn Props. Corp.*, *supra*, at 521; *Schultz v Boy Scouts,* 65 NY2d 189, 197). "Under this formulation, the significant contacts are, almost exclusively, the parties' domiciles and the locus of the tort" (*Schultz v Boy Scouts*, *supra*, at 197).

Where "conflicting conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders" (*Cooney v Osgood Mach.*, *supra*, at 72). Where, as here, the conflicting laws are loss-allocating (*see, Padula v Lilarn Props. Corp.*, *supra*, at 522; *Cooney v Osgood Mach.*, *supra*, at 72), one of the three *Neumeier* rules should be applied (*see, Cooney v Osgood Mach.*, *supra*, at 73).

Under the first *Neumeier* rule, "[w]here the conflicting rules at issue are loss allocating and the parties to the lawsuit share a common domicile, the loss allocation rule of the common domicile will apply" (*Padula v Lilarn Props. Corp.*, *supra*, at 522; *see, Cooney v Osgood Mach.*, *supra*, at 73). This is true even where "New York is the place of the tort rather than the jurisdiction of the parties' common domicile" (*Schultz v Boy Scouts*, *supra*, at 199).

"The second *Neumeier* rule addresses 'true' conflicts" (*Cooney v Osgood Mach., supra*, at 73), where the parties are domiciled in different States with conflicting loss-distribution rules and the accident occurs in a State in which a party is domiciled. This rule "[i]n essence * * * adopts a 'place of injury' test" (*Cooney v Osgood Mach., supra*, at 73).

The third *Neumeier* rule is "applicable to other split-domicile cases" where the accident does not occur in a State in which a party is domiciled (*Cooney v Osgood Mach., supra*, at 73-74). It "provides that the usually governing law will be that of the place where the accident occurred, unless ' "displacing that normally applicable rule will advance the relevant substantive law purposes without impairing the smooth working of the multistate system or producing great uncertainty for litigants" ' " (*Cooney v Osgood Mach., supra*, at 74, quoting *Neumeier v Kuehner, supra*, at 128).

We conclude that this case should be resolved by application of the first *Neumeier* rule without reference to Yantambwe's domicile. Here, as in *Schultz*, there is a choice of law issue and two defendants domiciled in different States. In resolving that issue in *Schultz*, the Court applied a different *Neumeier* rule to each defendant. With respect to the defendant who shared the same domicile with the plaintiffs, the Court applied the first *Neumeier* rule (*see, Schultz v Boy Scouts, supra*, at 199-201). With respect to the defendant who had a domicile different from the plaintiffs, the Court applied the third *Neumeier* rule because the tort occurred in neither domicile (*see, Schultz v Boy Scouts, supra*, at 201-202).

Here, with respect to plaintiffs' claim against Rapid Rentals, the relevant domiciles are the domiciles of plaintiff's decedent and Rapid Rentals. We reject Yantambwe's contention that the legal domicile of Rapid Rentals is the State of its incorporation. The domicile of a corporation for choice-of-law purposes is the State where it maintains its principal place of business (*see, Weisberg v Layne-New York Co.*, 132 AD2d 550, 551-552; *see also, Urlic v Insurance Co.*, 259 AD2d 1, 4-5, *lv denied* 94 NY2d 763). Because plaintiff's decedent and Rapid Rentals were domiciled in Virginia, the law of Virginia applies pursuant to the first *Neumeier* rule, and Rapid Rentals cannot be vicariously liable for Yantambwe's alleged negligence.

This is not a case where New York has a substantial interest in the application of its law. "Vehicle and Traffic Law § 388 is part of the legislatively prescribed system for protecting innocent victims of automobile accidents by assuring that there

will be a financially responsible party who is available to answer in damages * * *. In addition to making the owner of a vehicle vicariously liable for the negligence of anyone driving it with permission, the statute requires that all vehicle owners procure insurance to cover the liability it creates * * *. This linkage of an owner's vicarious liability to an owner's obligation to maintain adequate insurance coverage suggests that the Legislature's goal was to ensure that owners of vehicles *that are subject to regulation in New York* 'act responsibly' with regard to those vehicles" (*Fried v Seippel*, 80 NY2d 32, 41 [emphasis added], quoting *Boxer v Gottlieb*, 652 F Supp 1056, 1065). It is undisputed that the vehicle in question here was registered by a Virginia owner in the District of Columbia and thus not subject to regulation in New York.

There are two remaining ancillary issues. Rapid Rentals contends that the court erred in denying that part of its cross motion seeking summary judgment declaring that it has no obligation to defend or indemnify Yantambwe. That part of Rapid Rentals' cross motion was properly denied because Rapid Rentals did not assert a counterclaim for such relief (*see, Encarnacion v Manhattan Powell*, 258 AD2d 339, 340).

The other issue is raised in a separate appeal by plaintiffs. Plaintiffs contend that the court erred in denying their motion for summary judgment against Yantambwe. We disagree. The testimony of Yantambwe at a hearing conducted by the New York State Department of Motor Vehicles creates a triable issue of fact with respect to the reason for his loss of control of the vehicle (*cf., Studnick v Selesnick*, 265 AD2d 321; *Siegel v Terrusa*, 222 AD2d 428, 428-429).

Accordingly, the order should be modified by granting the cross motion in part and dismissing the complaint against Rapid Rentals.

LAWTON, J. (dissenting in part). I respectfully dissent in part for the reasons stated in the decision at Supreme Court (Stone, J.). I disagree with the majority's holding not to consider the residency of the driver in applying the first rule under *Neumeier v Kuehner* (31 NY2d 121). We should not ignore the driver's vital interest regarding the choice of law to be applied.

Perhaps equally important are the cogent public policy reasons set forth in Justice Stone's decision concerning why New York law should be applied to this case. In view of New York's overriding public policy interest in cases that involve rental cars (*see, e.g., Morris v Snappy Car Rental*, 84 NY2d 21;

*MVAIC v Continental Natl. Am. Group Co.*, 35 NY2d 260, 265), the Full Faith and Credit Clause of the US Constitution does not preclude New York from applying its laws to events that occur within its boundaries, even if those laws conflict with those of the State or States where the parties reside (*see, Nevada v Hall*, 440 US 410, 421-422, *reh denied* 441 US 917; *Pacific Empls. Ins. Co. v Industrial Acc. Commn.*, 306 US 493, 502).

PIGOTT, JR., P. J., and SCUDDER, J., concur with WISNER, J.; LAWTON, J., dissents in part and votes to affirm in a separate opinion.

Order modified, on the law, and as modified, affirmed, without costs, in accordance with the opinion by WISNER, J.