[726 NYS2d 407]

ROBERT ELSON et al., Respondents, v KENNETH M. DEFREN et al., Appellants, and AVIS RENT-A-CAR, Respondent.

HOWARD GOLDFRACHT et al., Respondents, v KENNETH M. DEFREN et al., Appellants, and AVIS RENT-A-CAR, Doing Business as PV HOLDING CORP., et al., Respondents, et al., Defendant.

First Department, May 29, 2001

### APPEARANCES OF COUNSEL

*Brian J. Isaac* of counsel, New York City (*Ira Bartfield* on the brief; *Pollack, Pollack, Isaac & DeCicco* and *Queller, Fisher, Dienst, Serrins, Washor & Kool, L. L. P.,* attorneys), for Robert Elson and another, respondents.

*Dan Schiavetta, Jr.,* of counsel, Lake Success (*Steven J. Ahmuty, Jr.,* on the brief; *Shaub, Ahmuty, Citrin & Spratt, L. L. P.,* and *Cerussi & Spring, P. C.,* attorneys), for Kenneth M. Defren and others, appellants.

*Stephanie M. Holzback* of counsel, New York City (*Nancy Lyness* on the brief; *White, Fleischner & Fino,* attorneys), for Avis Rent-A-Car and others, respondents.

### OPINION OF THE COURT

Sullivan, P. J.

This lawsuit arises out of an automobile accident that occurred on January 20, 1998 near Coeur d'Alene, Idaho, when a

1998 Chevrolet Blazer driven by Kenneth M. Defren, on a business trip at the time for his employer, Rowland Worldwide, Inc., collided with a vehicle driven by Keith G. Roth, an Idaho resident, not a party to this litigation. Defren and Rowland are defendants in each of these actions. Defren's passengers were Robert Elson and Howard Goldfracht, plaintiffs in these actions. According to the Idaho police accident report, Defren was driving southbound on US 95 when he lost control of his vehicle on the icy roadway and it spun out of control into the northbound lane and struck the Roth vehicle. Two days before the accident, Defren had rented the Blazer from Avis Rent-A-Car, also a defendant in both actions, at Spokane International Airport. As a result of the accident, the Blazer was damaged beyond repair. Elson and Goldfracht, both residents of New York, as is Defren, were injured in the accident and commenced separate actions, joined for trial, that included spousal derivative claims. It is undisputed that at the time of the accident Defren was acting on behalf of his employer, Rowland.

In May 1999, Defren and Rowland moved and Avis cross-moved to dismiss both actions on the ground of forum non conveniens. The Elsons cross-moved for partial summary judgment on the issue of liability premised on Defren's violation of Idaho Code § 49-630, which requires operators to keep their vehicles on the right side of the road and a breach of which is deemed negligence per se. (*See, Rosenberg v Toetly*, 93 Idaho 135, 456 P2d 779.) The court denied dismissal and granted the Elsons' cross motion for summary judgment as to liability finding that Defren failed "to provide a non-negligent explanation for the accident." Defendants appealed from both orders, but Avis subsequently withdrew its appeals. Both orders were affirmed by this Court (*Elson v Defren*, 279 AD2d 361.)

In December 1999, the Goldfrachts moved for partial summary judgment against Defren, Rowland and Avis on the issue of liability, arguing that the defendants were collaterally estopped from contesting their liability on the basis of the grant of summary judgment against them in favor of the Elsons. The defendants opposed the motion on the basis, *inter alia*, of the pending appeal of the prior grant of summary judgment. Without further explanation, the court granted summary judgment to the Goldfrachts on liability against defendants Defren, Rowland and Avis, all of whom filed a notice of appeal. As with the case of the appeal from the grant of partial summary judgment to the Elsons, Avis' appeal was subsequently withdrawn.

Prior to withdrawing these appeals, by order to show cause dated October 17, 2000 Avis had moved for summary judgment dismissing the Elsons' complaint on the ground that Avis was not vicariously liable based on permissive use for any negligence on Defren's part, and that the record was devoid of any evidence to support any other grounds for a finding of negligence against it. Avis also sought a correction of the Goldfracht decision to the extent it enlarged the earlier decision in favor of the Elsons to encompass a determination of liability against Avis.

In seeking such relief, Avis initially noted that neither the Elsons nor the Goldfrachts had contended that Avis was vicariously liable or had otherwise raised the issue of Avis' liability. Avis further asserted that New York's statutory imposition of vicarious liability based on the presumption of permissive use, Vehicle and Traffic Law § 388 (1), would not apply to this accident because the statutory language explicitly refers to automobiles "used or operated" within the State of New York and there is no evidence that the Avis-owned Blazer was ever used or operated in New York. Idaho's own vicarious liability statute, Idaho Code § 49-2417, analogous to the vicarious liability provisions of Vehicle and Traffic Law § 388, did not apply, Avis argued, because it is a statute of loss allocation, not conduct regulation, and New York will not apply another state's loss allocation rules to the issue of a vehicle owner's liability where, as here, the plaintiffs and "primary" defendants are New York domiciliaries. Moreover, Avis argued, the Idaho vicarious liability statute is limited in application to cases venued in Idaho and which involve vehicles licensed and registered in that state. No authority was cited for any of the foregoing propositions.

In an order entered November 14, 2000, the IAS court, without further elaboration, granted Avis' motion for summary judgment dismissing both complaints against Avis on the ground that Vehicle and Traffic Law § 388 did not apply and "corrected" its order granting summary judgment to the Goldfrachts to the extent of denying the Goldfrachts' motion for such relief as against Avis. Apparently, the IAS court concluded that under New York's choice-of-law principles Idaho law did not apply to the issue of Avis' vicarious liability arising out of its ownership of the Blazer and that under New York law, which did apply, Avis could not be vicariously liable, as a matter of law, because Vehicle and Traffic Law § 388 (1) does not impose such liability on owners of vehicles that are "used or

operated" exclusively outside of New York. Defren and Rowland appeal from this determination. Three weeks later Avis, as noted, withdrew its appeals from the earlier orders, which granted summary judgment in favor of the Elsons and the Goldfrachts. We reverse.

■ To begin with, Avis' motion was procedurally flawed. The nature of a motion is determined by its substance, not prayer for relief. Although denominated a motion for summary judgment, Avis' motion, brought one year after the entry of the order granting summary judgment in favor of the Elsons, eight months after the entry of the order granting such relief in favor of the Goldfrachts and after Avis had perfected its appeals therefrom, was, in reality, a motion to renew the prior grant of summary judgment. Avis argued that the summary judgment award in favor of the Elsons did not extend to Avis and that the order in favor of the Goldfrachts had enlarged the scope of the earlier order by extending the grant of summary judgment to include Avis. This position, of course, was inconsistent with Avis' appeal from the earlier grant of summary judgment in favor of the Elsons.

In this motion, Avis set forth entirely different grounds to relieve itself of liability—that neither the New York nor Idaho vicarious liability statute applied to this action and that no other theory of liability had been advanced. In addition, in support of its contention that the New York vicarious liability statute was inapplicable, Avis submitted additional evidence, which showed that the vehicle had never been used or operated in the State of New York. There was, however, no explanation for not presenting these facts in opposition to plaintiffs' original motions. "An application for leave to renew must be based upon additional material facts which existed at the time the prior motion was made, but were not then known to the party seeking leave to renew, and, therefore, not made known to the court. Renewal should be denied where the party fails to offer a valid excuse for not submitting the additional facts upon the original application." (*Foley v Roche*, 68 AD2d 558, 568.) Thus, renewal did not lie. And, finally, although Avis purportedly sought "correction" of the order granting summary judgment to the Goldfrachts against Avis on the issue of liability, its motion was not one for resettlement, a "procedure designed solely to correct errors or omissions as to form, or for clarification [that] may not be used to effect a substantive change in or to amplify the prior decision of the court." (*Id.* at 566.)

■ In any event, even if the merits of Avis' motion for summary judgment were to be reached, it should be denied. "An inevitable consequence of a mobile society, where people and goods routinely cross State and national borders, is that disputes may implicate the interests of several jurisdictions having conflicting laws." (*Cooney v Osgood Mach.*, 81 NY2d 66, 70.) A special body of rules for the resolution of such disputes has thus developed "to promote the smooth functioning of the international and interstate systems and to do justice to the parties." (Restatement [Second] of Conflict of Laws § 1, comment *c.*) "The first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved." (*Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 223.) Where no conflict exists between the laws of the jurisdictions involved, there is no reason to engage in a choice of law analysis. (*See, Portanova v Trump Taj Mahal Assocs.*, 270 AD2d 757, 759-760, *lv denied* 95 NY2d 765.) In this case, there is no conflict and thus no need for such analysis.

Under the laws of both Idaho[1] and New York[2] vehicle owners are vicariously liable for the negligence of persons operating their vehicles with permission. New York's Vehicle and Traffic Law § 388 explicitly limits the imposition of vicarious liability to the owner of a vehicle "used or operated in this state" with the owner's permission (*Fried v Seippel*, 80 NY2d 32, 39); it does not impose liability on owners of vehicles that have never been registered, used, operated or intended for use in New York and is therefore inapplicable when, as here, such a vehicle is involved in an accident outside of New York's borders (*id.* at 40-41.) It is nevertheless clear that under the law of both Idaho and New York, when a vehicle is involved in an accident

---

1. Idaho Code § 49-2417 (1) provides:
   "Every owner of a motor vehicle is liable and responsible for the death of or injury to a person or property resulting from negligence in the operation of his motor vehicle * * * by any person using or operating the vehicle with the permission, expressed or implied, of the owner, and the negligence of the person shall be imputed to the owner for all purposes of civil damages."
2. Vehicle and Traffic Law § 388 (1) provides:
   "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner."

within their respective borders, the owner of the vehicle is vicariously liable. Thus, there is no "meaningful conflict" between New York law and the law of Idaho with respect to the issue of vicarious liability. (*See, Bass v World Wrestling Fedn. Entertainment*, 129 F Supp 2d 491, 504.) Accordingly, and without further inquiry, we apply Idaho law to effectuate the public policy reflected in the statutes of both jurisdictions.

Even if we concluded the laws of the two states conflict and engaged in a choice of law analysis, Idaho law would apply. In *Babcock v Jackson* (12 NY2d 473, 481), the Court of Appeals abandoned the traditional law of the place of the tort (*lex loci delicti*) approach to choice of law problems arising in tort and adopted a more flexible approach to give "controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation." Thus, *Babcock* has generated an "interest analysis" rule that gives effect to the law of the jurisdiction having the greatest interest in resolving the particular issue involved. An evaluation of the " 'facts or contacts which *** relate to the purpose of the particular law in conflict' " determines the greater interest. (*Schultz v Boy Scouts*, 65 NY2d 189, 197, quoting *Miller v Miller*, 22 NY2d 12, 16.) "Under this formulation, the significant contacts are, almost exclusively, the parties' domiciles and the locus of the tort." (*Id.*)

In weighing the various interests, New York courts distinguish between "conduct regulating" and "loss allocating" rules. "An immediate distinction was drawn between laws that regulate primary conduct (such as standards of care) and those that allocate losses after the tort occurs (such as vicarious liability rules)." (*Cooney v Osgood Mach.*, *supra*, 81 NY2d at 72.) If conduct regulating rules conflict, New York courts usually apply the law of the place where the tort occurred because that jurisdiction has the greatest interest in regulating behavior that takes place within its borders. (*Id.* at 74.) If loss allocating rules conflict, the three so-called *Neumeier* rules adopted in *Neumeier v Kuehner* (31 NY2d 121) govern the choice of law analysis. The issue here, i.e., which state's vicarious liability principle controls, involves loss allocation. (*Padula v Lilarn Props. Corp.*, 84 NY2d 519.)

Under the first *Neumeier* rule, "[w]here the conflicting rules at issue are loss allocating and the parties to the lawsuit share a common domicile, the loss allocation rule of the common domicile will apply." (*Padula v Lilarn Props. Corp.*, *supra*, 84 NY2d at 522; *see, Cooney v Osgood Mach.*, *supra*, 81 NY2d at

73.) The parties are domiciled in New York.[3] While Avis is a Delaware corporation, it maintains its principal place of business in New York and is therefore considered a New York domiciliary for choice of law purposes. (*See, Dorsey v Yantambwe,* 276 AD2d 108; *Weisberg v Layne-New York Co.,* 132 AD2d 550, 551-552.) Thus, Avis argues that this is a common domicile case, invoking the first *Neumeier* rule, rather than a split domicile situation and that since the parties are all New York domiciliaries, New York law should be applied. It is true that New York law would be applied to this loss allocation question under a typical choice of law analysis, but in this case, because the vehicle was never used or operated in New York, a strict application of Vehicle and Traffic Law § 388 would relieve Avis of liability and frustrate the purpose underlying both the Idaho and New York statutes. Accordingly, we would apply Idaho law.

Both Idaho Code § 49-2417 (1) and New York's Vehicle and Traffic Law § 388 (1) are part of a legislatively prescribed scheme for protecting automobile accident victims by assuming, in the event of fault, the availability of a financially responsible party to respond in damages. (*See, Colborn v Freeman,* 98 Idaho 427, 566 P2d 376; *Continental Auto Lease Corp. v Campbell,* 19 NY2d 350.) In addition to creating vicarious liability in cases of permissive use, all vehicle owners are required to procure insurance to cover the statutorily created liability. (*See,* Idaho Code § 49-1229 [1]; § 49-117; *Dullenty v Rocky Mtn. Fire & Cas. Co.,* 111 Idaho 98, 721 P2d 198, *overruled on other grounds Colonial Penn Franklin Ins. Co. v Welch,* 119 Idaho 913, 811 P2d 838; Vehicle and Traffic Law § 388 [4].) "This linkage of an owner's vicarious liability to an owner's obligation to maintain adequate insurance coverage suggests that the Legislature's goal was to ensure that owners of vehicles * * * 'act responsibly' with regard to those vehicles." (*Fried v Seippel, supra,* 80 NY2d at 41, quoting *Boxer v Gottlieb,* 652 F Supp 1056, 1065.)

Quite obviously, New York would have no interest in denying recovery to one of its residents through application of the territorial limitation in Vehicle and Traffic Law § 388 (1), especially since the purpose of the statute, as is the case with Idaho Code § 49-2417 (1), is to protect persons injured in automobile accidents. The underlying purpose of both statutes, i.e., the availability of a financially responsible party to answer in dam-

---

**3.** The second and third *Neumeier* rules apply where the parties are domiciled in different states and, thus, are not implicated here.

ages, would be undercut by displacing the normally applicable situs-of-the-accident rule.

Furthermore, by participating in a national network of car rentals and leasing this particular vehicle in Spokane, Washington, Avis could reasonably expect that the vehicle would travel on the roads of Idaho, a neighboring state, thereby subjecting Avis to Idaho law. Thus, applying Idaho law to this accident to determine and allocate fault would not be inconsistent with Avis' reasonable expectations. (*See, Cooney v Osgood Mach.*, *supra*, 81 NY2d at 77; *Schultz v Boy Scouts*, *supra*, 65 NY2d at 201-202.) Under Idaho Code § 49-2417 (1), the law of the place where the accident occurred, Avis is vicariously liable based upon its ownership of the vehicle driven by Defren, whose negligence has been judicially determined as having caused the accident. Thus, Avis' motion for summary judgment dismissing the complaint against it should have been denied.

We have examined Avis' other contentions and find that they are without merit.

Accordingly, the order of the Supreme Court, New York County (Richard Lowe, III, J.), entered November 14, 2000, which, to the extent appealed from as limited by the briefs, granted defendant Avis' motion for summary judgment dismissing the complaint against it in the Elson action and for a correction of the decision in the Goldfracht action, should be reversed, on the law, with costs and disbursements, and the motion denied.

WILLIAMS, ANDRIAS, RUBIN and FRIEDMAN, JJ., concur.

Order, Supreme Court, New York County, entered November 14, 2000, reversed, on the law, with costs and disbursements, and defendant Avis' motion for, *inter alia,* summary judgment dismissing the complaint as against it denied.