OPINION OF THE COURT
Eileen A. Rakower, J.
Third-party defendant Reliance National Insurance Company moves this court for an order directing that New Jersey law be *635 applied to the claims pending against it. Third-party defendant GEICO Insurance Company and defendants and third-party plaintiffs Demaris Garcia and Atila O. Dalmasi oppose this motion and assert that New York law should apply to all claims in this case. Plaintiff Talron Enterprises has not appeared in regard to the motion. For the following reasons, the motion is denied.
Demaris Garcia, a New York State resident, rented a car from Talron Enterprises, a corporation also domiciled in New York State. According to the rental agreement, executed in New York State, Ms. Garcia was to be the only authorized driver. Atila O. Dalmasi, Garcia’s son, was involved in a one car accident in New Jersey while driving the car.
Plaintiff Talron Enterprises commenced this action against defendants Garcia and Dalmasi for property damage. Defendants Garcia and Dalmasi in turn commenced this third-party action against third-party defendants GEICO Insurance Company, defendant Dalmasi’s insurer, and Reliance Insurance Company, plaintiff Talron’s insurer, claiming that they are obligated to pay for all no-fault benefits to which defendants Garcia and Dalmasi are entitled for medical and other expenses. Reliance notified defendants that it would not be affording them personal injury benefits because the car was operated by an unauthorized driver, in violation of both the rental agreement and New Jersey law. Reliance advised defendants Garcia and Dalmasi that both were entitled to such benefits through third-party defendant GEICO.
Preliminarily, in any case presenting a potential choice of law issue, the court must first determine “whether there is an actual conflict between the laws of the jurisdictions involved (Matter of Allstate Ins. Co. [Stolarz — New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223).” (Elson v Defren, 283 AD2d 109, 114 [1st Dept 2001] [internal quotation marks omitted].) Here the issue presented is a narrow one, i.e., whether third-party defendant Reliance’s duty to pay a portion of the claims made by defendants Garcia and Dalmasi would be different should New Jersey law or New York law be applied.
Reliance asserts it would have the right to disclaim on the benefits sought here under New Jersey’s no-fault automobile insurance law, based on Dalmasi’s status as an “unauthorized driver,” although it offers no support for this proposition. In New Jersey, an insurance provider may deny coverage on the assertion that the driver of a rented car who caused the accident is an unauthorized driver, even though there is a li *636 ability insurance policy in existence. (See, Schechter v Selective Ins. Co., 264 NJ Super 299, 624 A2d 623 [1993]; NJ Stat Ann § 17:28-1.1 [e] [2] [b].) In such circumstances, New Jersey law considers the rented car as an “uninsured motor vehicle.” (Id.)* In that circumstance, uninsured motorist coverage is available. New Jersey law defines uninsured motorist coverage in such a situation as the coverage held by the injured person. Third-party defendant GEICO therefore would have sole responsibility as the insurer of defendants Dalmasi and Garcia. Reliance would have no obligation to pay. It should also be noted that no one associated with the subject accident — insured, driver, passenger — would be able to seek benefits through New Jersey’s no-fault law because they are New York State residents. “Under the [New Jersey] statute a nonresident in a non-New Jersey registered or insured vehicle, injured in an accident in New Jersey * * * is not covered by or subject to the New Jersey no-fault law.” (Government Empls. Ins. Co. v Halfpenny, 103 Misc 2d 128, 133, affd 82 AD2d 1023, lv denied 55 AD2d 603 [1981]; Santiago v Prudential Prop. & Cas. Ins. Co., 112 AD2d 928 [2d Dept 1985]; Morgan v Bisorni, 100 AD2d 956 [2d Dept 1984]; NJ Stat Ann § 39:6A-3.)
New York law would yield a contrary result. New York State’s Vehicle and Traffic Law states, in relevant part, that “Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.” (Vehicle and Traffic Law § 388 [1].) As such, plaintiff Talron may be vicariously liable for the alleged negligence of the driver defendant Garcia, even though he was not an authorized driver, and third-party defendant Reliance would therefore be obliged to pay. (Dorsey v Yan-tambwe, 276 AD2d 108, 109 [4th Dept 2000]; Motor Veh. *637 Acc. Indem. Corp. v Continental Natl. Am. Group Co., 35 NY2d 260 [1974].) Third-party defendant Reliance does not challenge its liability under New York State law or question the obvious legislative intent of the enactment of the relevant Vehicle and Traffic Law section. Reliance merely argues that New York State law does not apply to this circumstance.
“Justice, fairness and ‘the best practical result’ * * * may best be achieved by giving controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation.” (Babcock v Jackson, 12 NY2d 473, 481 [1963].) “Interest analysis is the relevant analytical approach to choice of law in tort actions in New York. ‘[T]he law of the jurisdiction having the greatest interest in the litigation will be applied and * * * the [only] facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict’ (Miller v Miller, [22 NY2d 12] at pp 15-16).” (Schultz v Boy Scouts of Am., 65 NY2d 189, 197 [1985].)
The court must discern the purpose of the law; does it seek to regulate conduct or allocate loss? (Bodea v TransNat Express, 286 AD2d 5, 9 [4th Dept 2001].) The instant claims relate to loss allocation resulting from allegedly tortious conduct. The court should then apply one of the “three rules set forth in Neumeier v Kuehner (31 NY2d 121, 128).” (Id. [citations omitted].) Where the parties both reside in the same state, a proper analysis favors the jurisdiction of common domicile because of its interest in enforcing the decisions of both parties to accept both the benefits and the burdens of identifying themselves with that jurisdiction and submitting themselves to its authority. (Neumeier v Kuehner, 31 NY2d 121; Schultz, supra at 197; 19A NY Jur 2d, Conflict of Laws; see also, Dorsey v Yantambwe, supra at 111 [found New York law does not apply where unauthorized driver of rental car has accident in New York State and both driver and rental company are domiciled out of state].) Here both parties reside in New York State. The rental contract was entered into by the parties in New York State according to New York State law. New York’s legislative no-fault scheme was enacted to ensure prompt and full compensation for an injured party’s basic economic loss, without regard to fault, while reducing litigation costs and insurance premiums. (Montgomery v Daniels, 38 NY2d 41; see also, Bodea v TransNat Express, supra at 8.)
Movant argues that New Jersey has an interest in regulating the conduct of drivers on its roads and limiting claims to *638 those who are authorized to drive on its roadways. However, it should be noted that the issue here is not whether Mr. Dalmasi offended a rule of the road prescribed by New Jersey for motorists generally or some standard of conduct imposed by that jurisdiction. Rather, the competing interests are really between the two no-fault schemes of New Jersey and New York. That New York and New Jersey both have “no-fault” insurance laws leads to the obvious conclusion that both jurisdictions have determined that loss allocation is a more compelling need than determining fault.
It is the order of the court that third-party defendant Reliance’s motion is denied and that the law of the State of New York be applied to this matter.

 According to New Jersey law, an “uninsured motor vehicle” is defined, in relevant part as: “(b) a motor vehicle with respect to the ownership, operation, maintenance, or use of which there is bodily injury liability insurance in existence but the liability insurer denies coverage or is unable to make payment with respect to the legal liability of its insured because the insurer has become insolvent or bankrupt, or the Commissioner of Banking and Insurance has undertaken control of the insurer for the purpose of liquidation.” (NJ Stat Ann § 17:28-1.1 [e] [2] [b].)
. The court notes that Reliance does not specify whether it seeks to deny benefits under New Jersey law solely on the basis of defendant Garcia’s alleged status as an “unauthorized driver,” or also due to its own status in receivership as a consequence of its filing for bankruptcy.