Lisa GIRDEN, Plaintiff,

v.

SANDALS INTERNATIONAL, LTD., Sandals Group, Sandals Antigua, Andrew Holm, Ltd., Dickenson Bay Hotel Management and David Titus, Defendants.

No. 97Civ5631(WK).

United States District Court, S.D. New York.

June 21, 2002.

**606**

Neal Brickman, Carol Sigmond, New York City, for plaintiff.

David B. Newman, Edward Reich, Sonnenschein Nath & Rosenthal, New York City, for defendants.

*OPINION & ORDER*

WHITMAN KNAPP, Senior District Judge.

The above-captioned case is currently on remand from the Second Circuit based on an improper jury instruction. In the Second Circuit's opinion remanding this case it suggests that we revisit the question of whether the employer defendants can be held liable to plaintiff for defendant Titus' actions as a matter of law. *Girden v. Sandals Int'l*, 262 F.3d 195, 205 (2d Cir. 2001). As suggested by that opinion, currently before us is the employer defendants' motion for summary judgement. On May 28, 2002, we heard oral argument from the parties. For the reasons that follow we grant the employer defendants' motion and dismiss plaintiff's claims in the

entirety as they pertain to those defendants.

## BACKGROUND

We assume knowledge of this case's factual background and procedural history. Furthermore, for the purpose of this motion, we adopt the facts as stated in the Second Circuit's opinion, *Girden v. Sandals Int'l*, 262 F.3d 195 (2d Cir.2001).

Briefly, plaintiff Lisa Girden ("plaintiff") brought this suit against Sandals Resorts International, Ltd. ("Sandals Resorts"); Sandals Group; Andrew Holm, Ltd. ("Andrew Holm"); Dickenson Bay Hotel Management ("Dickenson Bay"); Sandals Antigua (collectively "defendants") and David Titus ("Titus"). According to defendants, Sandals Group and Sandals Antigua are improperly named since "Sandals Group" does not exist and "Sandals Antigua" is Dickenson Bay's tradename.

Plaintiff's claims stem from an incident which took place on August 28, 1996 when she was a guest for the day at Sandals Antigua, a resort in the Caribbean. Titus, a then member of the water staff at Sandals Antigua, allegedly sexually assaulted plaintiff when he took her from the beach on the property of Sandals Antigua out into the ocean on a sunfish, a nine-foot long sailboat, offering to give her a sailing lesson. Titus has never appeared in this action. For the purpose of this motion the defendants do not contest the facts as they pertain to the assault.

## DISCUSSION

■ Since our jurisdiction is based on diversity, we turn to New York choice of law principles to determine the governing law. New York looks to the potential jurisdictions and applies the law of the one with the greatest interest, usually either the situs of the tort or the parties' domi-

cile. *Dorsey v. Yantambwe*, 715 N.Y.S.2d 566, 569 (N.Y.A.D. 4th Dept.2000). Where conflicting laws are at issue, the law of the jurisdiction where the tort occurred generally applies. *Id.* Even though the incident occurred in Antigua and defendant Dickenson Bay is domiciled there, plaintiff argues that Connecticut law, that of her state of domicile, should apply. For the purpose of this motion we assume that Connecticut law applies.

Plaintiff's claims against defendant are based on both respondeat superior and negligence theories. Because we grant defendants' motion and dismiss plaintiff's claims in the entirety we need not address their argument that the defendants other than Dickenson Bay did not employ Titus and therefore could not be liable under either theory.

## I. Respondeat Superior

■ According to Connecticut law, in order for an employer to be vicariously liable for the intentional tort of its employee, the tort must have been within the scope of his or her employment. *Glucksman v. Walters*, 38 Conn.App. 140, 144, 659 A.2d 1217 (1995). "Scope of employment" does not mean "during the period of his employment" or while the employee is "on-duty." *Id.* The vital inquiry is "whether the servant on the occasion in question was engaged in a disobedient or unfaithful conducting of the master's business, or was engaged in an abandonment of the master's business.... Unless [the employee] was actuated at least in part by a purpose to serve the principal, the principal is not liable." *Id.* (citing *A–G Foods, Inc. v. Pepperidge Farm, Inc.*, 216 Conn. 200, 579 A.2d 69 (1990)).

Connecticut courts have held, as a matter of law, "when the tortfeasor-employee's activity with the alleged victim became sexual, the employee abandoned and

ceased to further the employer's business." *Reynolds v. Zizka*, 1998 WL 123047 at *3 (Conn.Super.Ct. March 5, 1998) (citing *Gutierrez v. Thorne*, 13 Conn.App. 493, 537 A.2d 527 (1988)). Although the issue of whether or not an act is within the scope of one's employment can be a question of fact for a jury to decide, Connecticut courts have found that where the acts of the employee are so clearly outside of the scope of his authority, the question is one of law. *See Gutierrez* 13 Conn.App. at 499, 537 A.2d 527. In *Gutierrez* the court found that sexual assault committed by an employee does not further an employer's business interests, and thus, an employer could not be found liable under a theory of respondeat superior as a matter of law. *Id.*

■ It seems clear to us that Titus' conduct was not within the scope of his employment and therefore defendants cannot be held liable under the theory of respondeat superior.

## II. Negligence

■ Defendants also seek summary judgment on plaintiff's claims that they were negligent in hiring and supervising Titus and, therefore, responsible for his sexual assault and false imprisonment of plaintiff. The relevant inquiry is one of foreseeability; if defendants knew or should have known that harm of the general nature of that suffered was likely to result. *See Gutierrez* 13 Conn.App. at 500, 537 A.2d 527. However, summary judgment may be granted as a matter of law on this issue if "the mind of a fair and reasonable man could reach only one conclusion; [but] if there is room for a reasonable disagreement the question is one to be determined by the trier as a matter of fact." *Id.* at 501, 537 A.2d 527 (citations omitted).

Plaintiff relies heavily on *Gutierrez* to support her position her negligence claim should be decided by the trier of fact and not the court. In *Gutierrez,* where, as discussed earlier, the Appellate Court of Connecticut affirmed the dismissal of plaintiff's vicarious liability claims, it reversed the trial court's decision holding that, under the facts of that case, the question of foreseeability was to be resolved by a jury, not on summary judgment. 13 Conn.App. 493, 537 A.2d 527. There, plaintiff, a client of the Department of Mental Retardation, brought action against its Commissioner to recover damages resulting from the sexual assault by one of its employees. The employee, whose job it was to visit plaintiff and to assist her with various tasks, was given keys to her apartment to enable him to enter in the case of an emergency. *Id.* 13 Conn.App. at 497, 537 A.2d 527. On three occasions, the employee used his keys to enter plaintiff's apartment where he sexually assaulted her. *Id.* She later reported the incidents to the police, and the employee was arrested and pleaded guilty to sexual assault charges. *Id.*

Although the Department of Mental Retardation had conducted a background check on the employee, including following up his denial of any criminal convictions with a state fingerprint check, and the employee underwent a one-week orientation program and was supervised on a daily basis, the court held that given the access the employee was given to plaintiff's apartment, her mental impairment, and his ability to threaten a termination of services, the conclusion to be drawn from these facts as to whether it was reasonably foreseeable that the plaintiff would be sexually assaulted by the defendant's employee was to be left to the trier of fact. *Id.* at 497, 501–02; *see also Lukowsky v. Woodmere Health Care,* No. 091141(WJS), 1994 WL 320219 at *3 (Conn.Super. June 24,

1994) (denying defendant employer's motion for summary judgement on plaintiffs' negligence claim where offending employee was hired to provide nurse's aid services to subject plaintiff since, among other things, she was "helpless while in the care and custody of the defendant;" and "one of the defendant's employees suspected the [offending employee] of assaulting female patients prior to the assault on the plaintiff, but [ ] the defendant failed to take any action to prevent the assault[,]" since a genuine issue of material fact existed concerning whether defendant's employment and supervision practices created or increased the risk of assault.)

However, not only did *Gutierrez* involve exceptional circumstances different than those here present, but in *Gutierrez* plaintiff produced evidence in support of the contention that that employee's conduct was foreseeable by his employer. Here, plaintiff has not produced any evidence that Titus' conduct was foreseeable. While defendants have only produced a couple of affidavits, some letters and a questionnaire Titus himself completed pre-employment in support of their motion, plaintiff has not produced any admissible evidence contradicting defendants' assertions that Titus' conduct was not foreseeable. On a motion for summary judgment, in addition to the burden of the moving party, the opposing party must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence, that which would be admissible at trial, disclosing the existence of such an issue. *Doe v. X Corp.,* 1997 WL 66486 No. 93031397 at * 4–5 (Conn.Super. Jan. 30, 1997) (citing *Home Ins. Co. v. Aetna Life & Casualty Co.* (1995) 235 Conn. 185, 202–203, 663 A.2d 1001.).

■ This case appears to us to be more analogous to *Doe v. X Corp.* In *Doe,* the

court examined *Gutierrez* and declined to extend its holding, finding in favor of the defendant employer on its motion for summary judgment on plaintiff's negligence claim where plaintiff presented no facts tending to show the trier of fact could conclude defendant was negligent in its hiring process and that the activity the employee allegedly engaged in was or should have been foreseeable prior to its having hired him. *Id.* at *6, *9. (also stating the critical and undisputed facts of *Gutierrez*, including the "particular vulnerability" of the plaintiff, well known to the defendant-employers, and "the giving of the key to her apartment to the employee ... left open the ultimate question of whether it was foreseeable that the employee would use the unlimited access thus given to him in a way that could cause harm."). There, plaintiff, a minor, through his father, brought suit against the employer of a teacher who sexually assaulted him claiming negligent hiring and supervision. *Id.* at *1. While the defendant there produced more documents in support of its motion for summary judgment than we have before us, what defendants here produced is sufficient since plaintiff has presented nothing in the way of admissible evidence to contradict defendants' assertions that in hiring or supervising Titus they knew or should have known that he had a propensity toward sexual misconduct.

## CONCLUSION

For the foregoing reasons we grant defendants' motion for summary judgment and dismiss, in its entirety, the complaint with prejudice.

**SO ORDERED.**