TORPY, J.,
concurring and concurring specially.
I fully concur with the majority opinion. I write separately to address arguments not raised by the parties, including the effect of section 324.021(9)(b)3., Florida Statutes (2017). Although the Dangerous Instrumentality Doctrine was originally created by decisional law, since 1999, it has been codified in a statute that supersedes other statutes or “existing case law.” It provides that the owner of a vehicle who loans it to “any permissive user shall be liable for the operation of the vehicle or the acts of the operator in connection therewith” up to certain limits, depending on what insurance limits are obtained. § 324.021(9)(b)3„ Fla. Stat. (2017) (emphasis added). This statute imposes and limits the liability of an “owner,” a defined term that includes the holder of “legal title.” § 324.021(9)(a), Fla. Stat. (2017).
When an owner invokes the laws of Florida to obtain title and registration of a vehicle, the owner accepts the concomitant financial responsibility imposed by Florida law. This responsibility includes that which is imposed by section 324.021(9)(b)3. Nothing in this statute purports to limit the scope of this liability to permissive use that originates in this state or to injuries caused within the geographic confines of this state. The statute recognizes that the vehicle owner is in the best position to secure resources to pay for injuries and ensure that the vehicle, a dangerous instrument, is entrusted to careful drivers. See Burch v. Sun State Ford, Inc., 864 So.2d 466, 470 (Fla. 5th DCA 2004) (identifying policy for Dangerous Instrumentality Doctrine). New York is one of the few states with a similar statute. I agree with much of the analysis of our sister court in New Jersey, which concluded that the New York statute imposing vicarious liability controlled where the vehicle was registered in New York even though the collision there occurred in New Jersey. Dolan v. Sea Transfer Corp., 398 N.J.Super. 313, 942 A.2d 29, 36-37 (N.J. Super. Ct. App. Div. 2008). Here, Florida has similarly manifested a paramount interest in ensuring that owners of vehicles titled and reg *986 istered in Florida assume responsibility for injuries arising from the use of those vehicles.
I also agree with the approach taken by New York’s highest court in Neumeier v. Kuehner, 31 N.Y.2d 121, 335 N.Y.S.2d 64, 286 N.E.2d 454 (1972). The first so-called “Neumeier rule” addresses issues of “loss allocation,” such as vicarious liability, where the plaintiff and defendant have a common domicile. See id., 335 N.Y.S.2d 64, 286 N.E.2d at 457; see also Padula v. Lilarn Props. Corp., 84 N.Y.2d 519, 620 N.Y.S.2d 310, 644 N.E.2d 1001, 1003 (1994). In this circumstance, the law of the common domicile controls the loss allocation issue, irrespective of where the tort occurred. See, e.g., Dorsey v. Yantambwe, 276 A.D.2d 108, 111, 715 N.Y.S.2d 566 (N.Y. App. Div. 2000) (Virginia law controlled issue of vicarious liability in suit arising from collision occurring in New York, where plaintiff and defendant shared common Virginia domicile).