| |
|---|
| **Leon-Burgos v New York City Tr. Auth.** |
| 2024 NY Slip Op 33584(U) |
| October 9, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152394/2022 |
| Judge: Richard Tsai |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. RICHARD TSAI**                    PART                  **21**

*Justice*

-------------------------------------------------------------------------------X

JOHNAMIE LEON-BURGOS AND CLARITZA CASTILLO-ALBERTO,

                                          Plaintiffs,

- v -

NEW YORK CITY TRANSIT AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY,
MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY, MTA BUS COMPANY, EDDIE
CONDE, GENFRY MARTINEZ, and JAFFARIAN TOYOTA,

                                          Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 152394/2022 |
| MOTION DATE | 10/19/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document numbers (Motion 001) 34-63

were read on this motion to/for                                    DISMISS                                    .

Upon the foregoing documents, it is **ORDERED** that the motion to dismiss by defendant Jaffarians' Service Incorporated, sued herein as Jaffarian Toyota, is **DENIED**, without prejudice to a motion for summary judgment; and it is further

      **ORDERED** that the parties are directed to appear in person for a preliminary conference in IAS Part 21, 80 Centre Street, Room 280, New York, New York, on **JANUARY 23, 2025** at **11:30 a.m.**

      In this action, plaintiffs Johnamie Leon-Burgos and Claritza Castillo-Alberto allege that, on April 25, 2021, a bus operated by defendant Eddie Conde and a motor vehicle owned by defendant Jaffarian Toyota (Jaffarian) and operated by defendant Genfry Martinez, made contact at or near the intersection of Madison Avenue and East 42nd Street in Manhattan (*see* verified amended complaint ¶ 85 [NYSCEF Doc. No. 37]). Plaintiffs Johnamie Leon-Burgos and Claritza Castillo-Alberto, who were allegedly passengers in Martinez's vehicle, suffered injuries (*see id.* ¶¶ 82, 86, 105, 109). Plaintiffs and Martinez are allegedly residents of Massachusetts (*see id.* ¶¶ 1, 61, 95).

      According to the complaint, Jaffarian is a foreign corporation organized under the laws of the State of Massachusetts (*see id.* ¶¶ 57-58), and that Jaffarian, is, among things, the lessor of the vehicle (*see id.* ¶ 64). Defendant Genfry Martinez allegedly operated the motor vehicle bearing New York State license plate number 7HM529 with the permission, knowledge, and consent of Jaffarian (*see id.* ¶¶ 66-68).

152394/2022   JOHNAMIE LEON-BURGOS AND CLARITZA CASTILLO-ALBERTO vs. NEW YORK          Page 1 of 4
CITY TRANSIT AUTHORITY ET AL
Motion No.  001

1 of 4

In its answer, Jaffarian admitted that it is a foreign corporation organized under the laws of the State of Massachusetts, that it owned the vehicle bearing New York State license plate number 7HM529, and that it maintained the vehicle (*see* verified answer to amended complaint ¶ 4 [NYSCEF Doc. No. 46] [admitting the allegations contained in paragraphs 58, 59, 62, and 72 of the verified amended complaint]).

Pursuant to CPLR 3211 (a) (7), Jaffarian moves to dismiss the complaint as against Jaffarian, on the ground that the complaint fails to state a cause of action. Specifically, Jaffarian argues that, because it had leased the vehicle to defendant Martinez, while Martinez's vehicle was being serviced at Jaffarian for a warranty service, Jaffarian cannot be held vicariously liable for the accident as the owner of the vehicle, pursuant to the Graves Amendment (49 USC 30106), as interpreted by Massachusetts law (*see* affirmation of Jaffarian's counsel in support of motion ¶¶ 5, 24). Plaintiffs oppose the motion.

On a motion to dismiss under CPLR 3211 (a) (7), the court "must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]).

Here, the amended verified complaint adequately states a cause of action against Jaffarian as the owner of the vehicle involved in a motor vehicle collision, who allegedly consented to defendant Martinez's use of the vehicle. Vehicle and Traffic Law § 388 (1) provides, "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner."

However, Jaffarian argues that, because it had leased the vehicle to Martinez, it cannot be vicariously liable to plaintiffs by virtue of the Graves Amendment.

> "Pursuant to the Graves Amendment (49 USC § 30106), generally, the owner of a leased or rented motor vehicle cannot be held liable for personal injuries resulting from the use of such vehicle if: (1) the owner is engaged in the trade or business of renting or leasing motor vehicles, and (2) there is no negligence or criminal wrongdoing on the part of the owner" (*Olmann v Neil*, 132 AD3d 744, 745 [2d Dept 2015]).

As a threshold issue, Jaffarian urges the court to apply an interpretation of the Graves Amendment under the case law of the State of Massachusetts.

Jaffarian has established that there is an actual conflict between New York law and the law of Massachusetts as to whether the Graves Amendment covers "loaner" vehicles (*compare Zizersky v Life Quality Motor Sales, Inc.*, 21 Misc 3d 871, 874 [Sup

**152394/2022   JOHNAMIE LEON-BURGOS AND CLARITZA CASTILLO-ALBERTO vs. NEW YORK          Page 2 of 4
CITY TRANSIT AUTHORITY ET AL
Motion No.  001**

2 of 4

[* 2]

Ct 2008] [a "loaner" vehicle without charge does not constitute a "lease" or "rental" for purposes of the Graves Amendment] *with Garcia v Steele*, 492 Mass 322, 331 [2023] [a "courtesy vehicle" meets the ordinary meaning of "rent" or "lease" under the Graves Amendment because it was provided in exchange for consideration -- namely, the opportunity to service the car]).

"[T]he correct way to conduct a choice-of-law analysis is to consider each plaintiff vis-à-vis each defendant" (*Edwards v Erie Coach Lines Co.*, 17 NY3d 306, 329 [2011]). Thus, contrary to the plaintiffs' argument, the New York domicile of defendants New York City Transit Authority, Metropolitan Transportation Authority, and Manhattan and Bronx Surface Transit Operating Authority are irrelevant to this choice-of-law analysis of the plaintiffs' claims against Jaffarian. "The rules in the *Neumeier* framework [*Neumeier v Kuehner*, 31 NY2d 121 (1972)], in fact, by their very nature call for a plaintiff-by-defendant inquiry" (*Edwards*, 17 NY3d at 329).

Jaffarian argues that, under New York's interest analysis approach (*see Matter of Allstate Ins. Co. [Stolarz]*, 81 NY2d 219, 225 [1993]), Massachusetts has a greater interest than New York in the claims between plaintiffs and Jaffarian (*see* Jaffarian's memo law in support of motion at 3-7 [NYSCEF Doc. No. 36])

The court agrees with Jaffarian that the vicarious liability established under Vehicle and Traffic Law § 388 is a rule of loss allocation, not a conduct-regulating rule (*see Padula v Lilarn Props. Corp.*, 84 NY2d 519, 522 [1994] ["Loss allocating rules, on the other hand, are those which prohibit, assign, or limit liability after the tort occurs, such as . . . vicarious liability statutes"]). "Where the conflicting rules at issue are loss allocating and the parties to the lawsuit share a common domicile, the loss allocation rule of the common domicile will apply" (*Padula*, 84 NY2d at 522). "This is true even where 'New York is the place of the tort rather than the jurisdiction of the parties' common domicile" (*Dorsey v Yantambwe*, 276 AD2d 108, 110 [4th Dept 2000], quoting *Schultz v Boy Scouts of Am.*, 65 NY2d 189, 199 [1985]).

Here, the verified amended complaint alleges that plaintiffs reside in Massachusetts (verified amended complaint ¶¶ 1, 95 [NYSCEF Doc. No. 37]), and Jaffarian is organized under the laws of Massachusetts (*id.* ¶¶ 58-59).

However, "[t]he domicile of a corporation for choice-of-law purposes is the State where it maintains its principal place of business" (*Dorsey*, 276 AD2d 108, 111 [4th Dept 2000]; *Elson v Defren*, 283 AD2d 109, 116 [1st Dept 2001] ["While Avis is a Delaware corporation, it maintains its principal place of business in New York and is therefore considered a New York domiciliary for choice of law purposes"]). The amended verified complaint did not allege that Jaffarian's principle place of business was in Massachusetts. Neither did defendant submit any documentary evidence conclusively establishing that its principal place of business was in Massachusetts.

Because Jaffarian did not establish that its principal place of business was in Massachusetts, it therefore failed to demonstrate that plaintiffs and Jaffarian share a

**152394/2022   JOHNAMIE LEON-BURGOS AND CLARITZA CASTILLO-ALBERTO vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No.  001**

Page 3 of 4

3 of 4

common domicile, and that Massachusetts therefore has a greater interest than New York in the claims between plaintiffs and Jaffarian.

Additionally, the applicability of the Graves Amendment cannot be decided on a motion to dismiss pursuant to CPLR 3211 (a) (7), as the applicability of the Graves Amendment turns on factual, evidentiary matters that are outside the four corners of the complaint.

Here, Jaffarian submitted an affidavit to establish that Jaffarian was engaged in the trade or business of renting or leasing motor vehicles (*see* Jaffarian's Exhibit M in support of motion, aff of Jospeh Maxwell [NYSCEF Doc. No. 49]). However, on a motion to dismiss pursuant to CPLR 3211 (a) (7), "[w]hile affidavits may be considered, if the motion has not been converted to a CPLR 3212 motion for summary judgment, they are generally intended to remedy pleading defects and not to offer evidentiary support for properly pleaded claims" (*Nonnon v City of New York*, 9 NY3d 825, 827 [2007]).

This is not a situation where dismissal is based on the kind of documentary evidence which conclusively establishes a defense to the claims, for example, a contract whose terms are unambiguous, or a copy of a cancelled check evidencing payment for the amount sued for. Rather, dismissal is based, in part, on the factual averments contained in an affidavit prepared for this litigation. Moreover, Jaffarian expressly argued that it was not moving for summary judgment, in response to plaintiffs' argument that its motion to dismiss should be denied because Jaffarian had not submitted a statement of material facts.

In conclusion, Jaffarian's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) is denied, without prejudice to raising the Graves Amendment defense on a motion for summary judgment.

20241009162449RTSAIB46822EF53CA44AEB3377E3D4A98CB04

_____
10/9/2024
DATE

_____
RICHARD TSAI, J.S.C.

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152394/2022   JOHNAMIE LEON-BURGOS AND CLARITZA CASTILLO-ALBERTO vs. NEW YORK CITY TRANSIT AUTHORITY ET AL**
**Motion No.  001**

Page 4 of 4

4 of 4